**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHARLES DOGAN, | : | |
| Petitioner, | : | Civil No. 11-3383 (JBS) |
| v. | : | |
| BUREAU OF PRISONS, | : | **OPINION** |
| Respondent. | : | |

**APPEARANCES:**

**CHARLES DOGAN**, Petitioner pro se
03287-088
FCI Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640

PAUL J. FISHMAN,
United States Attorney
    By:  **Mark Christopher Orlowski**, AUSA
Office of the U.S. Attorney
402 East State Street
Room 430
Trenton, N.J. 08608
    Attorney for Respondent

**SIMANDLE**, Chief Judge:

    Petitioner Charles Dogan ("Petitioner"), currently confined at F.C.I. Fort Dix in Fort Dix, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a transfer to prison camp.  For the reasons expressed below, the Court will dismiss the petition without prejudice to the filing of a civil action such as the kind authorized by Bivens v. Six Unknown Named

Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]

**I.   BACKGROUND**

On April 8, 1997, Petitioner was sentenced to a term of 312 months for drug trafficking by the United States District Court for the District of West Virginia.  (Pet. 1, Docket Entry No. 1.)  On or about January 25, 2010, while he was serving his sentence at FCI Fort Dix, Petitioner's Unit Team, with the Warden's approval, requested that the Petitioner be granted a lesser security transfer to a minimum security institution.  (Resp't's Answer 8, Docket Entry No. 6.)  In accordance with Program Statement 5100.08, the request was sent to the Bureau of Prison's Designation and Sentence Computation Center ("DSCC").  (Res't's Answer, Ex. 2, Declaration of Vanessa Simmons ("Simmons Decl.") ¶ 3, Docket Entry No. 6-2.)  On March 1, 2010, the DSCC denied the transfer request and placed a Greater Security Management Variable on Petitioner due to his violent criminal history. (Id.

---

[1] The filing fee for a habeas petition is $5.00. The filing fee for a civil action under Bivens is $350.00.  An inmate seeking to file a civil action under Bivens must either prepay the filing fee or apply for in forma pauperis status by submitting an affidavit of poverty and a prison account statement for the six-month period preceding the filing of the complaint. See 28 U.S.C. § 1915(a).  Where an inmate is granted in forma pauperis status, this Court is required to collect the fee by ordering the warden to deduct, and forward to the Clerk of the Court, monthly installment payments of 20% of the preceding month's income credited to the prisoner's account each month the amount in the account exceeds $10.00.

at Attach. 2.)  Specifically, Petitioner pled guilty to charges of second degree murder in 1981 at the age of eighteen.  (Simmons Decl., Attach. 1, Transfer Request, Docket Entry No. 6-2.)

On November 12, 2010, Petitioner filed an administrative remedy with the Warden at Fort Dix challenging the DSCC's decision.  (Res't's Answer, Declaration of Tara Moran ("Moran Decl."), Ex. 2, Administrative Remedy.)  On November 30, 2010, Warden Zickefoose denied Petitioner's request.  (Id.)  Petitioner appealed that decision to the Regional Office and on January 10, 2011, the appeal was denied.  (Id.)  Petitioner appealed the decision to the Central Office and on March 9, 2011, that appeal was also denied.  (Id.)

On June 13, 2011, Petitioner filed the instant habeas petition.  (Docket Entry No. 1.)  He states the following:

> The Bureau of Prisons erred in failing to adhere to its regulations/policies, The Bureau of Prisons failure to place petitioner in a prison camp violates the United States Constitution...Petitioner began serving his sentence in Beckley, W.Va. amedium [sic] security level institution, The Bureau of Prisons designates a point[s] system in order for custody classification of prisoners. Currently petitioners points is [sic] consistent with placement. The Warden who has direct contact and control over the petitioner acknowledge a transfer to camp...Petitioner submits that pursuant of code of federal regulation [cfr]..524.74 the warden is the clearance authority on [a]ll transfers. The DSCC use of the prior history of violence over 30 years ago was unreasonable, arbitrary and capricious...Petitioner submits that there are many other inmates with similar histories as discovery will show that are currently placed in the camp thus it violates the equal protection of the 5th and 14th Amendment of the United States Constitution.  The Bureau of Prisons must exercise its

>       discretion with an even hand...This court should grant
>       the writ and order the Bureau of Prisons to remove the
>       management variable and place petitioner in the camp.

(Pet. 1-3.) In the Answer, Respondent argues that the Court lacks subject matter jurisdiction over Petitioner's custody classification challenge. Respondent further argues that to the extent the Court construes the petition to allege a due process violation, Petitioner does not have a protected interest in his classification or place of confinement. Finally, Respondent argues that Petitioner fails to state a claim for an equal protection violation as he does not identify any other similarly situated inmates and fails to allege that any disparate treatment was intentional or without rational basis. (Answer 9-17.) Petitioner filed a reply, arguing that Respondent should be required to provide a list of all inmates housed in minimum security prisons with any history of violence and that the court should order an evidentiary hearing. (Reply 1-2, Docket Entry No. 7.)

**II. DISCUSSION**

**A. Jurisdiction**

>   Section 2241 provides in relevant part:
>
>   (c) The writ of habeas corpus shall not extend to a
>   prisoner unless-... He is in custody in violation
>   of the Constitution or laws or treaties of the
>   United States.

28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989).  "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

In Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that a district court has jurisdiction under § 2241 to entertain a federal prisoner's challenge to the failure to transfer him to a community corrections center ("CCC"), pursuant to a federal regulation.  In holding that habeas jurisdiction exists over this aspect of the execution of the sentence, the Court of Appeals distinguished transfer to a CCC

from a garden variety prison transfer:

> Carrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution. More specifically, in finding that Woodall's action was properly brought under § 2241, we determine that placement in a CCC represents more than a simple transfer. Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer.
>
> The criteria for determining CCC placement are instrumental in determining how a sentence will be "executed." CCCs and similar facilities, unlike other forms of incarceration, are part of the phase of the corrections process focused on reintegrating an inmate into society. The relevant statute specifically provides that a prisoner should be placed in a CCC or similar institution at the end of a prison sentence to "afford the prisoner a reasonable opportunity to adjust to and prepare for ... re-entry into the community." 18 U.S.C. § 3624. CCCs thus satisfy different goals from other types of confinement. We have noted the relatively lenient policies of CCCs as compared to more traditional correctional facilities. CCC pre-release programs often include an employment component under which a prisoner may leave on a daily basis to work in the community. Inmates may be eligible for weekend passes, overnight passes, or furloughs. See United States v. Hillstrom, 988 F.2d 448 (3d Cir. 1993); see also United States v. Latimer, 991 F.2d 1509, 1513 (9th Cir. 1993) (emphasizing that community confinement is "qualitatively different" from confinement in a traditional prison).
>
> Given these considerations, and the weight of authority from other circuits ..., we conclude that Woodall's challenge to the BOP regulations here is a proper challenge to the "execution" of his sentence, and that habeas jurisdiction lies.

Woodall, 432 F.3d at 243-244 (footnotes omitted).

Unlike Woodall, Petitioner in this case challenges the failure to transfer him from Fort Dix Low to Fort Dix Camp. However, "habeas corpus cannot be used to challenge a transfer

between prisons ... unless the custody in which the transferred prisoner will find himself when transferred is so much more restrictive than his former custody that the transfer can fairly be said to have brought about ... a quantum change in the level of custody." Ganim v. Federal Bureau of Prisons, 235 Fed. Appx. 882, 884 (3d Cir. 2007) (quoting Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999)).  Applying Woodall, the United States Court of Appeals for the Third Circuit held in Ganim v. BOP that Ganim's challenge to the BOP's failure to transfer him from FCI Fort Dix to the Federal Correctional Camp at Otisville, New York, was not cognizable under § 2241 and that this Court erred by failing to dismiss Ganim's § 2241 petition for lack of jurisdiction.  Similarly, this Court finds that it lacks jurisdiction to entertain Petitioner's challenge to the failure to transfer him from Fort Dix Low to Fort Dix Camp under 28 U.S.C. § 2241, and will dismiss the action, without prejudice to the filing of a civil rights action of the kind authorized by Bivens, 403 U .S. 388.[2]  See Ganim, 235 Fed. Appx. at 884 (vacating District Court's order denying § 2241 petition on merits and remanding with instruction to dismiss the petition for lack of jurisdiction); see also Levi v. Ebbert, 353 Fed.Appx. 681, 682 (3d Cir. 2009)("We agree with the District Court that

---

[2] This Court's dismissal without prejudice should not be construed as a comment on the merits of such a claim under Bivens.

7

Levi's claims concerning the determination of his custody level do not lie at the "core of habeas" and, therefore, are not cognizable in a § 2241 petition....None of his claims challenge the fact or length of his sentence or confinement"(internal citations omitted)); Cohen v. Lappin, 402 Fed.Appx. 674, 676 (3d Cir. 2010) ("...Cohen's challenge to his security designation and custody classification [do not challenge the basic fact or duration of his imprisonment]... In the absence of the type of change in custody level at issue in Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), such an objection is simply not a proper challenge to the 'execution' of a sentence cognizable in a § 2241 proceeding.")

**III. CONCLUSION**

For the reasons stated above, the petition is hereby dismissed for lack of jurisdiction, without prejudice to the filing of a civil action.


Dated:    **February 3, 2012**


                                         s/ Jerome B. Simandle
                                        JEROME B. SIMANDLE
                                        United States District Judge