**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| | : | |
| CHARLES DOGAN, | : | |
| | : | |
| Petitioner, | : | Civil No. 11-3383 (JBS) |
| | : | |
| v. | : | |
| | : | |
| BUREAU OF PRISONS, | : | **OPINION** |
| | : | |
| Respondent. | : | |
| | : | |

**APPEARANCES:**

**CHARLES DOGAN**, Petitioner pro se
03287-088
FCI Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640

PAUL J. FISHMAN,
United States Attorney
     By:  **Mark Christopher Orlowski**, AUSA
Office of the U.S. Attorney
402 East State Street
Room 430
Trenton, N.J. 08608
     Attorney for Respondent

**SIMANDLE**, Chief Judge:

     Petitioner Charles Dogan ("Petitioner"), currently confined
at F.C.I. Fort Dix in Fort Dix, New Jersey, filed a Petition for
a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a transfer
to prison camp.  For the reasons expressed below, the Court will
dismiss the petition without prejudice to the filing of a civil
action such as the kind authorized by Bivens v. Six Unknown Named

<u>Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[1]

## I.    BACKGROUND

On April 8, 1997, Petitioner was sentenced to a term of 312 months for drug trafficking by the United States District Court for the District of West Virginia.  (Pet. 1, Docket Entry No. 1.) On or about January 25, 2010, while he was serving his sentence at FCI Fort Dix, Petitioner's Unit Team, with the Warden's approval, requested that the Petitioner be granted a lesser security transfer to a minimum security institution.  (Resp't's Answer 8, Docket Entry No. 6.)  In accordance with Program Statement 5100.08, the request was sent to the Bureau of Prison's Designation and Sentence Computation Center ("DSCC").  (Res't's Answer, Ex. 2, Declaration of Vanessa Simmons ("Simmons Decl.") ¶ 3, Docket Entry No. 6-2.)  On March 1, 2010, the DSCC denied the transfer request and placed a Greater Security Management Variable on Petitioner due to his violent criminal history. (<u>Id.</u>

---

[1] The filing fee for a habeas petition is $5.00. The filing fee for a civil action under <u>Bivens</u> is $350.00.  An inmate seeking to file a civil action under <u>Bivens</u> must either prepay the filing fee or apply for in forma pauperis status by submitting an affidavit of poverty and a prison account statement for the six-month period preceding the filing of the complaint. <u>See</u> 28 U.S.C. § 1915(a).  Where an inmate is granted in forma pauperis status, this Court is required to collect the fee by ordering the warden to deduct, and forward to the Clerk of the Court, monthly installment payments of 20% of the preceding month's income credited to the prisoner's account each month the amount in the account exceeds $10.00.

at Attach. 2.)  Specifically, Petitioner pled guilty to charges

of second degree murder in 1981 at the age of eighteen.  (Simmons

Decl., Attach. 1, Transfer Request, Docket Entry No. 6-2.)

On November 12, 2010, Petitioner filed an administrative

remedy with the Warden at Fort Dix challenging the DSCC's

decision.  (Res't's Answer, Declaration of Tara Moran ("Moran

Decl."), Ex. 2, Administrative Remedy.)  On November 30, 2010,

Warden Zickefoose denied Petitioner's request.  (Id.)  Petitioner

appealed that decision to the Regional Office and on January 10,

2011, the appeal was denied.  (Id.)  Petitioner appealed the

decision to the Central Office and on March 9, 2011, that appeal

was also denied.  (Id.)

On June 13, 2011, Petitioner filed the instant habeas

petition.  (Docket Entry No. 1.)  He states the following:

> The Bureau of Prisons erred in failing to adhere to its
> regulations/policies, The Bureau of Prisons failure to
> place petitioner in a prison camp violates the United
> States Constitution...Petitioner began serving his
> sentence in Beckley, W.Va. amedium [sic] security level
> institution, The Bureau of Prisons designates a point[s]
> system in order for custody classification of prisoners.
> Currently petitioners points is [sic] consistent with
> placement.  The Warden who has direct contact and control
> over the petitioner acknowledge a transfer to
> camp...Petitioner submits that pursuant of code of
> federal regulation [cfr]..524.74 the warden is the
> clearance authority on [a]ll transfers.  The DSCC use of
> the prior history of violence over 30 years ago was
> unreasonable, arbitrary and capricious...Petitioner
> submits that there are many other inmates with similar
> histories as discovery will show that are currently
> placed in the camp thus it violates the equal protection
> of the 5th and 14th Amendment of the United States
> Constitution.  The Bureau of Prisons must exercise its

> discretion with an even hand...This court should grant
> the writ and order the Bureau of Prisons to remove the
> management variable and place petitioner in the camp.

(Pet. 1-3.)  In the Answer, Respondent argues that the Court

lacks subject matter jurisdiction over Petitioner's custody

classification challenge.  Respondent further argues that to the

extent the Court construes the petition to allege a due process

violation, Petitioner does not have a protected interest in his

classification or place of confinement.  Finally, Respondent

argues that Petitioner fails to state a claim for an equal

protection violation as he does not identify any other similarly

situated inmates and fails to allege that any disparate treatment

was intentional or without rational basis.  (Answer 9-17.)

Petitioner filed a reply, arguing that Respondent should be

required to provide a list of all inmates housed in minimum

security prisons with any history of violence and that the court

should order an evidentiary hearing. (Reply 1-2, Docket Entry No.

7.)

## II.  DISCUSSION

## A.   Jurisdiction

Section 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a
> prisoner unless-... He is in custody in violation
> of the Constitution or laws or treaties of the
> United States.

28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review by a federal court, the
petitioner must satisfy two jurisdictional requirements: the
status requirement that the person be "in custody," and the
substance requirement that the petition challenge the legality of
that custody on the ground that it is "in violation of the
Constitution or laws or treaties of the United States."  28
U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490
(1989).  "Section 2241 is the only statute that confers habeas
jurisdiction to hear the petition of a federal prisoner who is
challenging not the validity but the execution of his sentence."
Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A
petition for a writ of habeas corpus under 28 U.S.C. § 2241 in
the district where the prisoner is confined provides a remedy
"where petitioner challenges the effects of events 'subsequent'
to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir.
1976).

In Woodall v. Federal Bureau of Prisons, 432 F.3d 235,
243-44 (3d Cir. 2005), the United States Court of Appeals for the
Third Circuit held that a district court has jurisdiction under §
2241 to entertain a federal prisoner's challenge to the failure
to transfer him to a community corrections center ("CCC"),
pursuant to a federal regulation.  In holding that habeas
jurisdiction exists over this aspect of the execution of the
sentence, the Court of Appeals distinguished transfer to a CCC

from a garden variety prison transfer:

> Carrying out a sentence through detention in a CCC is
> very different from carrying out a sentence in an
> ordinary penal institution.   More specifically, in
> finding that Woodall's action was properly brought under
> § 2241, we determine that placement in a CCC represents
> more than a simple transfer.  Woodall's petition crosses
> the line beyond a challenge to, for example, a garden
> variety prison transfer.
>
> The  criteria  for  determining  CCC  placement  are
> instrumental  in  determining  how  a  sentence  will  be
> "executed." CCCs and similar facilities, unlike other
> forms  of  incarceration,  are  part  of  the  phase  of  the
> corrections  process  focused  on  reintegrating  an  inmate
> into society. The relevant statute specifically provides
> that  a  prisoner  should  be  placed  in  a  CCC  or  similar
> institution at the end of a prison sentence to "afford
> the prisoner a reasonable opportunity to adjust to and
> prepare for ... re-entry into the community." 18 U.S.C.
> § 3624.   CCCs thus satisfy different goals from other
> types  of  confinement.   We  have  noted  the  relatively
> lenient policies of CCCs as compared to more traditional
> correctional facilities.  CCC pre-release programs often
> include an employment component under which a prisoner
> may  leave  on  a  daily  basis  to  work  in  the  community.
> Inmates may be eligible for weekend passes, overnight
> passes, or furloughs.  See United States v. Hillstrom,
> 988 F.2d 448 (3d Cir. 1993); see also United States v.
> Latimer, 991 F.2d 1509, 1513 (9th Cir. 1993) (emphasizing
> that community confinement is "qualitatively different"
> from confinement in a traditional prison).
>
> Given these considerations, and the weight of authority
> from  other  circuits  ...,  we  conclude  that  Woodall's
> challenge  to  the  BOP  regulations  here  is  a  proper
> challenge to the "execution" of his sentence, and that
> habeas jurisdiction lies.

Woodall, 432 F.3d at 243-244 (footnotes omitted).

Unlike Woodall, Petitioner in this case challenges the

failure to transfer him from Fort Dix Low to Fort Dix Camp.

However, "habeas corpus cannot be used to challenge a transfer

between prisons ... unless the custody in which the transferred prisoner will find himself when transferred is so much more restrictive than his former custody that the transfer can fairly be said to have brought about ... a quantum change in the level of custody." Ganim v. Federal Bureau of Prisons, 235 Fed. Appx. 882, 884 (3d Cir. 2007) (quoting Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999)).  Applying Woodall, the United States Court of Appeals for the Third Circuit held in Ganim v. BOP that Ganim's challenge to the BOP's failure to transfer him from FCI Fort Dix to the Federal Correctional Camp at Otisville, New York, was not cognizable under § 2241 and that this Court erred by failing to dismiss Ganim's § 2241 petition for lack of jurisdiction.  Similarly, this Court finds that it lacks jurisdiction to entertain Petitioner's challenge to the failure to transfer him from Fort Dix Low to Fort Dix Camp under 28 U.S.C. § 2241, and will dismiss the action, without prejudice to the filing of a civil rights action of the kind authorized by Bivens, 403 U .S. 388.[2]  See Ganim, 235 Fed. Appx. at 884 (vacating District Court's order denying § 2241 petition on merits and remanding with instruction to dismiss the petition for lack of jurisdiction); see also Levi v. Ebbert, 353 Fed.Appx. 681, 682 (3d Cir. 2009)("We agree with the District Court that

---

[2] This Court's dismissal without prejudice should not be construed as a comment on the merits of such a claim under Bivens.

Levi's claims concerning the determination of his custody level do not lie at the "core of habeas" and, therefore, are not cognizable in a § 2241 petition....None of his claims challenge the fact or length of his sentence or confinement"(internal citations omitted)); <u>Cohen v. Lappin</u>, 402 Fed.Appx. 674, 676 (3d Cir. 2010) ("...Cohen's challenge to his security designation and custody classification [do not challenge the basic fact or duration of his imprisonment]... In the absence of the type of change in custody level at issue in <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235 (3d Cir. 2005), such an objection is simply not a proper challenge to the 'execution' of a sentence cognizable in a § 2241 proceeding.")

**III. CONCLUSION**

For the reasons stated above, the petition is hereby dismissed for lack of jurisdiction, without prejudice to the filing of a civil action.


Dated:    **February 3, 2012**


                                   **s/ Jerome B. Simandle**
                                   JEROME B. SIMANDLE
                                   United States District Judge